# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

JILLIAN BARNETT, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.

SEE OPTICS, INC.,

    Defendant.
_____/

Case No. 1:22cv20183
Hon.
Removed from: Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida
Case No. 2021-026082-CA-01

## NOTICE OF REMOVAL

To:    The Honorable Judges of the United States District Court for the Southern District of Florida, Miami Division

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446, and 1453, Defendant, SEE Optics, Inc. ("SEE"), by its attorneys, hereby removes the above-captioned civil action commenced by Plaintiff, Jillian Barnett, individually and on behalf of all others similarly situated, and all of her claims and causes of action, from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, based upon federal question and supplemental jurisdiction conferred by the claims. Defendant files with this Notice a copy of all process, pleadings, and orders served upon Defendant in the state court case. As a short and plain statement of the grounds for removal, Defendant states:

### *I. Introduction And Procedural History:*

1.    On December 1, 2021, Plaintiff, Jillian Barnett, individually and on behalf of all others similarly situated, filed a Class Action Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, that was assigned docket number 2021-026082-CA-01. A copy of the Summons and Complaint is attached as **Exhibit 1**.

{01713474.DOCX;3 }

2. Defendant was served on December 14, 2021 through its registered agent, CT Corporation System. A copy of the Service of Process Transmittal is attached as **Exhibit 2**. There have been no substantive proceedings in the action. A copy of the state court docket is attached as **Exhibit 3**. On January 4, 2022, Plaintiff served written discovery requests to Defendant in accordance with the Florida Rules of Civil Procedure.

3. Plaintiff's Complaint alleges that on or about October 15, 2021, Defendant improperly sent a text message to Plaintiff, and possibly other unnamed individuals, to solicit the sale of Plaintiff's goods and services. Plaintiff asserts a claim for violation of the Florida Telephone Solicitation Act, Fla. Stat. 501.059, *et seq*. (Count I) ("Florida claim") that prohibits the use of an "automated system," and a claim for violation of the "Do-Not-Call" registry provisions under the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (Count II) ("Federal claim"). Plaintiff seeks certification of a class on behalf of all other similarly situated persons, under Rules 1.220(b)(2) and (b)(3), Florida Rules of Civil Procedure.

4. Venue is proper in the United States District Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because this action is pending in Miami-Dade County, which is within the Southern District of Florida.

## II. *Federal Question and Supplemental Jurisdiction*:

5. This Court has original jurisdiction over the Federal claim under the provisions of 28 U.S.C. § 1331, and supplemental jurisdiction over the Florida claim under 28 U.S.C. § 1367(a). This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441(a) and 1453(b), and the procedures set forth in 28 U.S.C. § 1446.

6. Section 1331 provides the district courts with "original jurisdiction" over all civil

actions arising under the Constitution, laws, or treaties of the United States.  Section 1367(a) provides these courts with supplemental jurisdiction over all other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Section 1441(a) states that any civil action brought in state court where the district courts have original jurisdiction, may be removed.  Section 1453(b) states that class actions may be removed.

7. A civil action for which a district court has original jurisdiction founded upon a claim or right arising under the laws of the United States is removable without regard to citizenship or residence of the parties.  28 U.S.C. § 1441(a).

8. Under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), removal on the basis of original federal jurisdiction is available whenever a state court complaint necessarily raises a dispositive, substantial, and disputed question of federal law.

9. In this case, the requirements for original jurisdiction under Section 1331 are satisfied, because Plaintiff's Federal claim pursuant to the Federal Telephone Consumer Protection Act arises under the laws of the United States and therefore raises a federal question that warrants removal.  *Grable*, *supra*, at 308.  Also, the requirements for supplemental jurisdiction under Section 1367(a) are satisfied, because the Florida claim is related to the Federal claim and within the same case or controversy concerning Defendant's text message to Plaintiff.

10. Accordingly, removal of this class action is proper under Sections 1441 and 1453.

### III. *Procedural Compliance*:

11. A Notice of Removal must be filed within "30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon

which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  The 30 day period begins to run upon formal service of process upon the Defendant.  *Murphy Bros v Michetti Pipe Stringing*, 526 U.S. 344, 347-348 (1999).

12. Removal is timely because this Notice of Removal is filed within 30 days of receipt of Plaintiff's initial pleading, served on December 14, 2021.

13. The removing party, SEE, is the sole Defendant named in this action.  28 U.S.C. § 1446(b)(2).  Therefore, all named defendants have consented to removal.

14. In compliance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on the Plaintiff and any other adverse parties, and will be filed with the Clerk of the Circuit Court for Miami-Dade County, Florida, promptly after the filing of this Notice of Removal in this Court.

### IV.  *Preservation of Defenses and Right to Amend/Supplement*:

15. Defendant intends no admission of liability by this Notice of Removal and expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of Plaintiff's pleadings.

16. Defendant reserves the right to amend or supplement this Notice of Removal, and submit evidence supporting this Notice of Removal if Plaintiff moves to remand this action to state court.

WHEREFORE, the case pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Docket No. 2021-026082-CA-01, is hereby removed to the United States District Court for the Southern District of Florida, Miami Division, in accordance with applicable law.

Dated: January 13, 2022
Fort Lauderdale, Florida

        Respectfully submitted by:

        /s/ *James A. Peterson*
James A. Peterson, Esq.
Florida Bar No. 645621
PETERSON LEGAL P.A.
401 East Las Olas Boulevard
Suite 130-550
Fort Lauderdale, Florida 33301
(754) 444-8076
James@PetersonLegal.com

and

David T. Lin, Esq.*
Michigan Bar No. P70764
SEYBURN KAHN
2000 Town Center
Suite 1500
Southfield, Michigan 48075
Direct: (248) 351-3552
Phone: (248) 353-7620
dlin@seyburn.com
* Pending pro hac vice admission

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2022, I electronically filed the Notice of Removal with the Clerk of the Court using the ECF system, which served the above documents and sent notification of same via the ECF system to all counsel of record.

I also certify that on January 13, 2022, a copy of the Notice of Removal was filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, via its electronic filing system.

I also certifies that on January 13, 2022, a copy of the Notice of Removal was served via E-Mail to the parties listed below.

By:  */s/James A. Peterson*  
James A. Peterson

Andrew J. Shamis, Esq.  
Florida Bar No. 101754  
Garrett O. Berg, Esq.  
Florida Bar No. 1000427  
SHAMIS & GENTILE P.A.  
14 NE 1st Ave., Suite 705  
Miami, Florida 33132  
Phone: (305) 479-2299  
ashamis@shamisgentile.com  
gberg@shamisgentile.com  

Scott Edelsberg, Esq.  
Florida Bar No. 0100537  
EDELSBERG LAW P.A.  
20900 NE 30th Ave., Suite 417  
Aventura, Florida 33180  
Phone: (305) 975-3320  
scott@edelsberglaw.com