UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-20183-JLK

JILLIAN BARNETT, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

SEE OPTICS, INC.,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND FOR SUMMARY JUDGMENT AS PREMATURE**

THIS CAUSE comes before the Court on Defendant SEE Optics, Inc.'s Motion for Judgment on the Pleadings and for Summary Judgment of Plaintiff's Complaint (the "Motion") (DE 10), filed February 11, 2022. Plaintiff has not responded and the deadline to do so has passed.

**I.    BACKGROUND**

On December 1, 2021, Plaintiff Jillian Barnett filed her class action Complaint in state court alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, as amended by Senate Bill No. 1120. *See* Compl., DE 1-1. Specifically, Plaintiff alleges that Defendant sent an unsolicited text message to her personal phone number promoting Defendant's business despite being registered with the national "do-not-call registry." Compl. ¶¶ 11–13.

On January 13, 2022, Defendant removed the action to this Court alleging federal question and supplemental jurisdiction. *See* Not. of Removal, DE 1. On January 19, 2022, Defendant filed its Answer and "[a]dmits only that in October, 2021, a store manager [employed by Defendant] in

Florida manually sent one text to Plaintiff using the manager's personal cell phone, but Defendant denies as untrue the balance of the allegations." DE 6 ¶ 1. After Defendant filed its Answer, the Court, as is its usual practice, entered its Scheduling Order imposing a discovery deadline of February 1, 2023, motion practice deadline of February 6, 2022, and setting final pretrial conference for April 7, 2023, and jury trial for June 20, 2023. DE 7. Now, Defendant moves for "judgment on the pleadings and/or summary judgment." DE 10.

## II.  LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." *Bankers Ins. Co. v. Fla. Residential Prop. and Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998).

Summary judgment is appropriate where there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). If a reasonable fact finder could draw more than one inference from the facts, creating a genuine issue of material fact, summary judgment should not be granted. *Samples ex rel. Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988).

## III.  DISCUSSION

Defendant argues that among other things, "[t]o state a claim under section 227(c)(5) of the TCPA [Telephone Consumer Protection Act], a plaintiff must allege [] receipt of more than one telephone call within any 12-month period . . ." and because despite using the plural "calls" and "texts," Plaintiff only alleges one text message being sent on October 15, 2021. Mot. at 10

(citing *Wagner v. CLC Resorts & Developments, Inc.*, 32 F. Supp. 3d 1193, 1197 (M.D. Fla. 2014)). Secondly, Defendant argues that under the Florida Telephone Solicitation Act, "[a] person may not make or knowingly allow a telephonic sales call to be made if such call involves an automated system . . . ." Mot. at 11–12 (citing Fla. Stat. § 501.059(8)(a)). However, here, Defendant provided an affidavit that alleges Defendant's store manager personally typed out the text message and sent it from his personal cellphone without use of automation. *See* Decl. of Feras Jarwa, DE 11-2.

Defendant's arguments are well taken; however, parties still have about ten (10) months to complete discovery. "The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus*, 120 F.3d 248, 253 (11th Cir. 1997) (citing *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870–71 (11th Cir. 1988). Furthermore, the Eleventh Circuit affirmed a district court's decision to strike a premature summary judgment motion, explaining that "'[d]istrict courts have unquestionable authority to control their own dockets,' including 'broad discretion in deciding how best to manage the cases before them.'" *Kelsey v. Withers*, 718 F. App'x 817, 820–21 (11th Cir. 2017) (citing *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014).

Given that Plaintiff's Complaint alleges Defendant made multiple "sales calls" and sent automated text messages (Compl. ¶¶ 9, 11–12), the Court finds that Plaintiff alleges sufficient facts to plausibly state a claim and for discovery to proceed. Defendant's arguments that Plaintiff has not provided evidence in support of her claims are at this point premature and may be re-filed upon conclusion of discovery.

Therefore, it is **ORDERED, ADJUDGED, AND DECREED** that Defendant SEE Optics, Inc.'s Motion for Judgment on the Pleadings and for Summary Judgment of Plaintiff's Complaint **(DE 10)** be, and the same hereby is, **DENIED without prejudice** as premature to be raised after the conclusion of discovery.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 21st day of March, 2022.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:**   All counsel of record